IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAVON E. TORRENCE,

      Plaintiff,                        No. 2:10-cv-1222 KJN P

      vs.

F. HSEUH, et al.,                     ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. On July 25, 2011, defendant Champion filed a motion to dismiss on the grounds that the first amended complaint ("FAC") fails to state a cognizable civil rights claim. Plaintiff filed an opposition on August 19, 2011. Defendant Champion filed a reply on August 29, 2011. For the reasons set forth below, the undersigned recommends that defendant Champion's motion be granted.

II. Motion to Dismiss

      A. Background

      Plaintiff is proceeding on the FAC filed September 22, 2010. (Dkt. No. 10.) Plaintiff's sole allegation as to defendant Champion states:

1

> Plaintiff alleges that defendants R.L. Andreasen, MD, . . . J. Champion, RN Health Care Services; Joseph Bick, MD Chief Deputy Clinical Services. . . showed wanton disregard and was deliberately indifferent to plaintiff's serious medical needs by stating that plaintiff was or [has] received adequate medical care for his medical problems and that he "[has] received regular and appropriate medical care for the issues raised in this appeal."

(Dkt. No. 10 at 9.)

Defendant Champion contends this allegation is insufficient to state a claim for deliberate indifference to plaintiff's serious medical needs.  Moreover, even if defendant Champion made such a statement in a response to a CDC appeal, defendant Champion argues that involvement in the appeals process is insufficient to establish liability.  Plaintiff argues that defendant Champion reviewed the second level of plaintiff's appeal CMF-06-10466, and therefore had access to plaintiff's entire medical records, as well as inmate appeal CMF-08-0983.  (Dkt. No. 56 at 2.)  It appears plaintiff argues defendant Champion failed to provide plaintiff medical care in response to appeal CMF-06-10466.  Defendant replies that a complaint must be complete in and of itself and plaintiff did not submit any prisoner appeals with the FAC.  (Dkt. No. 57 at 2.)  Thus, defendant argues that the FAC, standing alone, fails to state a cognizable civil rights claim against defendant Champion.

### B. Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

1    Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement
2    [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon
3    which it rests."  Erickson, 551 U.S. 89 (internal citations omitted).
4              A motion to dismiss for failure to state a claim should not be granted unless it
5    appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which
6    would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro
7    se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,
8    404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.
9    Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's
10   liberal interpretation of a pro se complaint may not supply essential elements of the claim that
11   were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
12             C.  Application
13             Defendant Champion is correct that the FAC, standing alone, fails to state a
14   cognizable civil rights claim against defendant Champion.  Plaintiff provided no facts
15   demonstrating defendant Champion was deliberately indifferent.  At most, plaintiff refers broadly
16   to a list of defendants who allegedly had a role in addressing plaintiff's administrative appeals.
17             Plaintiff provided exhibits to his original complaint that include copies of
18   plaintiff's administrative appeal CMF-06-09-10466.  While Local Rule 220 requires that an
19   amended complaint be complete in itself without reference to any prior pleading, the court may
20   review exhibits submitted by the plaintiff.  Here, however, appeal CMF-06-09-10466 does not
21   reflect that defendant Champion performed the second level review of appeal CMF-06-09-10466.
22   (Dkt. No. 1 at 31.)  Rather, the second level of review was performed by Joseph Bick, M.D.
23   (Dkt. No. 1 at 30-31.)  The first level of review was performed by R.L. Andreasen, M.D.  (Dkt.
24   No. 1 at 26-29.)  The only reference to "Champion" is a notation at the bottom right-hand corner
25   of the first page of appeal CMF-06-09-10466, which states:
26   ////

      1st - Champion
      2 - HCA

(Dkt. No. 1 at 23.) This notation is insufficient to demonstrate defendant Champion was involved in reviewing plaintiff's appeal CMF-06-09-10466. Plaintiff provided no record cite to the contrary. (Dkt. No. 56.) This brief reference to defendant Champion, even in conjunction with plaintiff's allegation in the FAC, is also insufficient to show that defendant Champion was deliberately indifferent to plaintiff's serious medical needs. Plaintiff has provided no additional factual allegations in his opposition. (Dkt. No. 56.) Both Dr. Bick and Dr. Andreasen are named as defendants, and both performed the first and second level reviews of plaintiff's appeal CMF-M-08-0983 as well (dkt. no. 1 at 14-18). Accordingly, defendant Champion's motion to dismiss should be granted. Because plaintiff relies on the administrative appeals to provide the factual allegations as to defendant Champion, and the exhibits provided by plaintiff fail to demonstrate defendant Champion was involved, it would be futile to grant plaintiff leave to file a second amended complaint.

III. Conclusion

      Accordingly, this court recommends that defendant Champion's motion to dismiss be granted, and defendant Champion be dismissed from this action.

      In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

      IT IS RECOMMENDED that:

      1. Defendant Champion's July 25, 2011 motion to dismiss (dkt. no. 21) be granted; and

      2. Defendant Champion be dismissed from this action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

torr1222.mtd