IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEAVON E. TORRENCE,

    Plaintiff,                     No. 2:10-cv-1222 KJM KJN P

    vs.

F. HSEUH, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner, presently housed at the California Men's Colony ("CMC") in San Luis Obispo, California. Plaintiff is proceeding without counsel. Plaintiff's amended complaint raises Eighth Amendment challenges concerning medical care provided while plaintiff was housed at the California Medical Facility ("CMF") in Vacaville, between 2008 and early 2009, following injuries plaintiff sustained on March 12, 2008. (Dkt. No. 10.)

        On December 19, 2011, plaintiff filed a document styled, "Plaintiff's Petition . . . to be Seen By an Impartial Doctor to Diagnose Plaintiff's Injuries." (Dkt. No. 70 at 1.) Plaintiff claims he is still experiencing symptoms related to his injury on March 12, 2008, and requests to be seen by "an impartial doctor to properly assess and diagnose the extent of" plaintiff's injuries. (Dkt. No. 70 at 1.) Plaintiff asks that the doctors be specialists in spine and hip injuries. Plaintiff claims that he "believes that a correct diagnosis will help CDCR doctors adequately treat and

1

1  care for plaintiff." (Id. at 2.)

2  Defendants oppose the request, correctly pointing out that because plaintiff has
3  been transferred to a different prison, and plaintiff fails to allege any of the defendants named
4  during their employment at CMF are now employed at CMC, or otherwise involved in plaintiff's
5  present medical care, the court cannot order nonparties to act. This court is unable to issue an
6  order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp.
7  v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In addition, the present action challenges
8  medical care provided in 2008 and 2009 at CMF. Failing a connection or link with the named
9  defendants, plaintiff's present medical care at CMC is legally distinct from the instant claims.

10  Moreover, plaintiff provides no facts concerning the medical treatment available
11  at CMC, or the medical treatment he has received at CMC.[1] In any event, plaintiff, as an inmate,
12  has no constitutional right to outside medical care. Roberts v. Spalding, 783 F.2d 867, 870
13  (1986) ("A prison inmate has no independent constitutional right to outside medical care
14  additional and supplemental to the care provided by the prison staff within the institution.")

15  For all of the above reasons, plaintiff's petition is denied without prejudice.

16  Accordingly, IT IS HEREBY ORDERED that plaintiff's December 19, 2011
17  petition (docket no. 70) is denied without prejudice.

18  DATED: February 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

torr1222.den

---

[1] Moreover, if plaintiff claims that the medical treatment at CMC is constitutionally deficient, plaintiff must first exhaust his administrative remedies at CMC before filing an action in federal court. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002) (Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.)